**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| QUINTON WESLEY SCHULTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-00124-ACL |
| | ) | |
| BUTLER COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is the motion of Quinton Wesley Schultz, a prisoner, for leave to proceed in this action without prepayment of the civil filing fee. Following review of Plaintiff's motion and inmate account statement, the motion will be granted, and the Court will assess an initial partial filing fee of $6.98. The Court has also reviewed the amended complaint and will give Plaintiff another opportunity to file a second amended complaint. Finally, the Court will deny without prejudice Plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has filed an inmate account statement that shows an average monthly deposit of $34.90, and an average monthly balance of $34.05. Applying the terms of the statute, 20 percent of the greater of those figures is $6.98.  Accordingly, the Court will assess an initial partial filing fee in that amount, and order Plaintiff to pay it to the Clerk of Court within thirty days of the date of this order.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, however, need not accept as true

2

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Amended Complaint

Plaintiff filed the amended complaint shortly after filing the original complaint.  He named the Butler County Sheriff's Office, "Arresting Officer John Doe," and "John Doe" as defendants. Plaintiff sues the Doe defendants in their individual capacities. Plaintiff claims the Doe defendants shot him with tasers at his home on April 23, 2024.  However, in setting forth his allegations in support of his claims, he refers to the defendants collectively, and states in conclusory terms that each one "used excessive force, police brutality, assault, and intimidation" by "dry firing" their tasers. (ECF No. 6 at 4).  Plaintiff then provides a long and detailed narrative containing irrelevant information about events that preceded his encounter with the Doe defendants.

After filing the amended complaint, Plaintiff filed three supplemental documents.  (ECF Nos. 9, 10, and 12).  The first supplement contains pages 5-10 of the Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983 form; the second is a copy of Butler County Sheriff's Office

3

records; and the third is a handwritten note with a list of officers' names, the statement that the officers shot Plaintiff with tasers, information about evidence in Plaintiff's father's possession, and a statement of intent to send additional evidence.

## Discussion

Clearly, Plaintiff intends to amend his amended complaint.  However, he may not do so by filing supplemental documents, as he has done.  The Court will not sift through Plaintiff's amended complaint and supplements in an attempt to piece his claims together or add or remove parties.  In consideration of Plaintiff's pro se status, the Court will give him the chance to file a second amended complaint.  When preparing the second amended complaint, Plaintiff should very carefully follow the instructions on the complaint form and the instructions in this Memorandum and Order.

The second amended complaint will replace the amended complaint, *see In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005), and will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff must type or neatly print the second amended complaint on the Court's "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must also specify the capacity in which he intends to sue the defendant.  In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a <u>short and plain</u> statement of the facts that

4

support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* <u>Plaintiff must avoid including information that is not directly relevant to the claims he is asserting.</u>

Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how each named defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

<u>Plaintiff must avoid attempting to amend any complaint by filing supplements or other separate documents</u>. Instead, Plaintiff must file a single comprehensive second amended complaint that clearly identifies the defendants, and clearly sets forth his claims and supporting factual allegations.

When preparing the second amended complaint, Plaintiff should avoid making legal arguments, citing cases or statutes, or submitting evidence.  Plaintiff will have the chance to do that at the appropriate time if and when this case proceeds to the next stages of litigation.

Plaintiff has also filed a motion to appoint counsel. The motion will be denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. No defendant has been served with process and discovery has not begun, so there is no conflicting testimony. However, the Court recognizes that circumstances may change, so will deny the motion for appointment of counsel without prejudice and will consider future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 7) is **GRANTED**.

6

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $6.98.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must file a second amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 8) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 18th day of November, 2024.


_s/Abbie Crites-Leoni_
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE