UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| QUINTON WESLEY SCHULTZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 1:24-cv-00124-ACL |
| BUTLER COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. For the reasons explained below, the Court will dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(b).

Plaintiff Quinton Wesley Schultz is a prisoner who is proceeding *pro se* and *in forma pauperis*. He initiated this case on or about June 24, 2024 by mailing a letter to this Court in which he complained about law enforcement officers, and stated he had been "unjustly done wrong" in the Missouri courts since 2010. (ECF No. 1 at 1). He provided the address of the Butler County Justice Center as his mailing address.

After being provided with a complaint form, Plaintiff filed an amended complaint against the Butler County Sheriff's Department and two "John Doe" defendants. Plaintiff then filed three separate documents in an apparent attempt to amend the amended complaint and perhaps identify the fictious defendants. Upon review, the Court could not discern plausible claims for relief against any particular defendant, and noted that it appeared Plaintiff intended to amend the amended complaint.

On November 18, 2024, the Court entered an order giving Plaintiff the opportunity to file a second amended complaint. The Court gave Plaintiff clear instructions about how to prepare the

second amended complaint, and cautioned him to avoid filing separate documents in an attempt to amend the pleading. The Court cautioned Plaintiff that his case would be dismissed if he failed to timely file a second amended complaint, and also ordered him to pay an initial partial filing fee. Plaintiff's response was due on December 18, 2024.

On that same date – November 18, 2024 – Plaintiff mailed photographs to the Court, along with correspondence requesting copies of law enforcement records. Plaintiff mailed additional photos to the Court on November 22, 2024. On both envelopes, Plaintiff indicated his return address as the Butler County Justice Center. On December 11, 2024, the U.S. Post Office returned the Court's Memorandum and Order as undeliverable, but Plaintiff had not notified the Court of any change in his address as he was required to do. *See* E.D.Mo. L.R. 2.06(B). Nevertheless, the Court Clerk determined that Plaintiff had been moved to the Eastern Reception, Diagnostic and Correctional Center, and re-sent the Memorandum and Order to him that same day.

To date, Plaintiff has not complied with the Court's November 18, 2024 Memorandum and Order or sought additional time to do so. The Court gave Plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and waited an additional period of time for him to comply. Therefore, this action will be dismissed, without prejudice, due to Plaintiff's failure to comply with the Court's November 18, 2024 Memorandum and Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b), *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) ("A district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order[.]"). Because the Court has discretion to dismiss this action without prejudice, the Court concludes an appeal from this dismissal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of January, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE